# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**ANGEL CHEVERE-GONZALEZ,**

   Petitioner

   V.

**UNITED STATES OF AMERICA,**

   Respondent

Civ. No. 17-2051(PG)

Related: Crim. No. 97-245 (PG)

## ORDER

Before the court is Angel Chevere-Gonzalez's ("petitioner") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. Therein, he challenges his sentencing as a career offender pursuant to the Sentencing Guidelines in force at the time (specifically, § 4B1.1.). For the reasons detailed below, petitioner's motion is **DENIED**.

## DISCUSSION

A petitioner must demonstrate both cause and prejudice to properly advance a previously unbroached issue for the first time on collateral review. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977); United States v. Frady, 456 U.S. 152, 166–67 (1982) (applying Wainwright to § 2255 motions); Bucci v. United States, 662 F.3d 18, 29 (1st Cir.2011). Here, petitioner presumptively surmounts the cause hurdle by relying on a new, retroactive constitutional rule. However, the requisite showing of prejudice cannot pass muster because petitioner's status as a career offender did not impact his sentence. See Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015) (requiring a "reasonable probability" that his sentence would have been different but for the alleged error).[1]

Petitioner was sentenced to **540 months** of imprisonment on March 31, 2000. See Crim. Docket No. 647. He was convicted of conspiracy to possess with intent to distribute an excess of 1,000 kilograms of cocaine, five kilograms of heroin, and 5,000 pounds of marihuana, in violation of 21 U.S.C. § 846. See Crim. Docket No. 841. Wherefore, pursuant to U.S.S.G. § 2D1.1, petitioner's base offense level was **38**. See id.; Pre-Sentence Report ("PSR"), at 8-9. The PSR suggested a 2-level enhancement because petitioner carried a firearm while he committed the aforementioned felony, which would have netted a total offense level

---

[1] "Indeed, in the ordinary case a defendant will satisfy his burden to show prejudice by pointing to the application *of an incorrect, higher Guidelines range* and the sentence he received thereunder." Molina-Martinez v. United States, 136 S. Ct. 1338, 1347 (2016) (emphasis ours).

("TOL") of 40. See PSR at 9. Notwithstanding, the court assigned petitioner a TOL of **38** at sentencing. See Crim. Docket No. 841 at 21; Crim. Docket No. 647 at 6. [2]

Petitioner's status as a career offender, on the other hand, called for a base offense level of just **37**. See U.S.S.G. § 4B1.1. Because U.S.S.G. § 2D1.1 called for a *higher base offense level* than the U.S.S.G. § 4B1.1 career offender guidelines (to wit, 38), *petitioner's status as a career offender did not impact the calculation of his TOL.*

Three of petitioner's prior offenses furnished nine points towards his Criminal History Category ("CHC"). See PSR 10-11. Three more points were added because petitioner committed the underlying offense less than two years after being released from imprisonment, and while he was under Bayamon's Probation Office's Electric Monitoring Program. See PSR at 11-12. Thus, petitioner's **12** criminal history points placed him squarely in **CHC V**. See PSR 12. Nonetheless, petitioner was bumped up to **CHC VI,** due to his status as a career offender pursuant to U.S.S.G. § 4B1.1. See Crim. Docket No. 841 at 21; PSR at 12. Still, while petitioner's career offender status impacted his CHC, it did not impact his overall Guideline Sentencing Range ("GSR").

Petitioner's **TOL of 38** and placement in **CHC VI** yielded a GSR of **360 months to life of imprisonment**. See Crim. Docket No. 841 at 21; PSR at 12. Assuming, *arguendo*, that petitioner had not been sentenced as a career offender, his **TOL of 38** and a **CHC reduced to V** would have yielded *an identical GSR of 360 months to life of imprisonment.* See U.S.S.G. Ch. 5 P. A.  Ergo, the within-the-guidelines sentence of **540 months** of imprisonment *was not impacted by petitioner's career offender status.* See Crim. Docket No. 841 at 21-22. His § 2255 suit hence fails, for want of prejudice. See Molina-Martinez, 136 S. Ct. at 1346-47.

## CONCLUSION

Petitioner has failed to demonstrate a "reasonable probability" that, but for his status as a career offender, his sentence would have been different. See Wilder, 806 F.3d at 658. As such, his § 2255 motion is **DENIED,** and his claims **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, September 11, 2019.

                                                  S/ JUAN M. PÉREZ-GIMÉNEZ
                                                  **JUAN M. PÉREZ-GIMÉNEZ**
                                                  **SENIOR U.S. DISTRICT JUDGE**

---

[2] Both would have yielded equal sentencing ranges when coupled with his Criminal History Category.